﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 200309-68423
DATE: April 30, 2020

REMANDED

Entitlement to service connection for a cervical spine disability, to include degenerative changes, is remanded. 

Entitlement to service connection for essential tremors is remanded. 

Entitlement to service connection for residuals of a head injury is remanded. 

REASONS FOR REMAND

The Veteran served on active duty for training (ACDUTRA) from July 1961 to December 1961. He has been granted service connection for hearing loss and tinnitus based on this period of ACDUTRA and is therefore considered a veteran who had active military naval or air service. See 38 U.S.C. § 101(21), (24); 38 C.F.R. § 3.6(a) (active military, naval, or air service includes any period of ACDUTRA during which the individual concerned was disabled from a disease or injury incurred in the line of duty); Hill v. McDonald, 28 Vet. App. 243, 252 (2016) (“once a claimant has achieved veteran status for a single disability incurred or aggravated during a period of ACDUTRA, that status applies to all disabilities claimed to have been incurred or aggravated during that period of ACDUTRA”).

These matters come before the Board of Veteran’s Appeal (Board) on appeal from an April 2019 rating decision of the Department of Veteran’s Affairs (VA) Regional Office (RO).

Service connection for a cervical spine disability, tremors, and a residuals of a head injury is remanded. 

VA must provide an examination with regard to claims for disability compensation when there is competent evidence of a disability (or persistent or recurrent symptoms of a disability) that may be associated with an in-service event, injury, or disease, but there is insufficient information to make a decision on the claim. See 38 U.S.C. § 5103A(d); McClendon v. Nicholson, 20 Vet. App. 79 (2006). The Veteran’s reports of a continuity of symptomatology can satisfy the requirement for evidence that the claimed disability may be related to service, and the threshold for finding that the disability (or symptoms of a disability) may be associated with service is low. Id. at 83.

An October 2018 MRI contains a diagnosis of degenerative changes, and the Veteran has been diagnosed with tremors and headaches. He contends that he began to experience pain and stiffness in his neck, tremors and headaches after injuries he sustained from a tank accident during his period of ACDUTRA. The Veteran’s statements regarding the tank accident are supported by his military occupation specialty of armor crewman and a December 2018 lay statement from a fellow servicemember who indicated that he was also injured during the tank accident. The Veteran’s competent statements and the fellow serviceman’s lay statement support the Veteran’s contention that he injured his head and neck during a military exercise when he sat unsecured in the gunner seat inside of a tank and was bounced around the inside of the tank during an accident.

As the evidence indicates that the Veteran has current disabilities that may be associated with service, but the record does not contain a VA examination or medical opinion regarding the etiology of these disabilities, a remand due to this pre-decisional duty to assist error is warranted. 38 U.S.C. § 5103A(f)(2)(A); 38 C.F.R. § 20.802(a). 

The matters are REMANDED for the following action:

Obtain a VA medical opinion from a physician regarding the etiology of the Veteran’s cervical spine disability, tremors, and residuals of a head injury. If an examination is deemed necessary, one should be conducted. The claims file should be reviewed prior to the opinion being rendered.

The physician should indicate whether it is at least as likely as not that any current disability of the cervical spine, tremors, or head symptoms to include headaches are related to the injury described by the Veteran that occurred during his period of ACDUTRA. The physician should consider the lay statements of the Veteran and his fellow servicemember, as lay witnesses are competent to report their observations and injuries.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Henderson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.